**UNITED STATES DISTRICT COURT**    JS - 6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03479 MMM (RZx) | Date | June 7, 2012 |
|---|---|---|---|

| Title | *Freedom Home Mortgage Corporation v. Leon S. Littleford, Sherry E. Littleford, et al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:    **Order Remanding Action to Ventura Superior Court for Lack of Subject Matter Jurisdiction**

### I.  FACTUAL BACKGROUND

Plaintiff Freedom Home Mortgage Corporation ("Freedom Home") filed this unlawful detainer action in Ventura Superior Court against defendants Leon S. Littleford, Sherry E. Littleford (collectively, "the Littlefords"), and certain fictitious defendants on February 15, 2012.[1]  The Littlefords are allegedly the former owners of real property located at 3037 E. Sierra Dr., Westlake Village, California 91362 ("the property").[2]  The Littlefords or their predecessors executed a deed of trust on the property, but allegedly defaulted under the terms of this deed of trust which secured the property.[3]  The trustee, Quality Loan Service Corporation, then allegedly filed and recorded a

---

[1]Removal, Docket No. 1 (Apr. 23, 2012), Ex. A, ("Complaint") at 1.

[2]Complaint., ¶ 1.

[3]*Id.*, ¶ 9.

notice of default and election to sell the property.[4]  On January 9, 2012, the property was allegedly sold to Freedom Home at a trustee's sale.[5]  A trustee's deed upon sale reflecting the sale to Freedom Home was thereafter recorded in Ventura County.[6]

On February 4, 2012, Freedom Home allegedly served a notice to quit on defendants requiring them to vacate the property within three days.[7]  According to the complaint, though more than three days had elapsed, the Littleford continue in possession of the property without Freedom Home's permission or consent.[8]  Freedom Home seeks restitution of the property as well as damages in the amount to be determined, according to proof, at trial, at a daily rate for each day from February 14, 2012 until the Littlefords relinquish the property, and the costs of this suit.[9]

The Littlefords filed a notice of removal on April 23, 2012 invoking this court's federal question jurisdiction.[10]

## II.  DISCUSSION

### A.  Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction

---

[4]*Id.*, ¶¶ 10, 11.

[5]*Id.*, ¶ 11.

[6]*Id.*

[7]*Id.*, ¶ 12.

[8]*Id.*, ¶¶ 13, 14.

[9]*Id.* at 4.

[10]Removal at 2.

at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to Ventura Superior Court.

**B.      Federal Question Jurisdiction**

**1.      Legal Standard for Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."

*Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

##         2.        Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of Freedom Home's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, *3 (N.D. Cal., 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") citing *Wescom Credit Union v. Dudley*, 2010 WL 4916578, *2 (C.D.Cal., 2010); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

The Littlefords state that Freedom Home's notice to vacate was defective, allegedly failing to comply with The Protecting Tenants at Foreclosure Act.[11] This is a federal defense and, as stated, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint . . . ." *Franchise Tax Bd.*, 463 U.S. at 14. Because Freedom Home's complaint does not present a federal question, either on its face or artfully pled, this court does not have jurisdiction under 28 U.S.C. § 1331.

---

[11]Removal at 2-3.

### C.   Diversity Jurisdiction

Though the Littlefords do not argue that diversity jurisdiction is present, they do cite a statutory provision governing removal based on diversity, 28 U.S.C. § 1441(b).[12]   Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332(a).  Jurisdiction, including the amount in controversy, is determined at the moment of removal.  See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).  In its complaint, Freedom Home expressly states that the amount demanded does not exceed $10,000.[13]   The Littlefords make no effort to argue that the amount in controversy is higher than the $10,000 set forth in the complaint.  Consequently, the amount in controversy requirement is not met, and the court lacks diversity jurisdiction over the action.

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566.   Here, the defendants have failed to carry this burden.  For the reasons stated, the clerk is directed to remand this case to Ventura Superior Court forthwith.

---

[12]*Id.* at 2.

[13]Complaint at 1.